CHIEF JUSTICE TURNAGE
dissenting.
I join in the dissent of Justice Karla M. Gray.
I further respectfully dissent to the majority opinion holding that a legislative caucus is an “unincorporated association.” This holding is totally unnecessary to the majority holding that, for the purpose of Rule 4A, M.R.Civ.P, a caucus is “any two or more persons having a joint or common interest.”
Notwithstanding that Rule 4A, in its attempt to define persons for jurisdiction and service of process, has included in a long list of recognizable legal entities “an unincorporated association,” such inclusion is neither logical or practical for the purpose of jurisdiction and service of process. The inclusion of“unincorporated associations” should be deleted from Rule 4A.
Rule 4D(e), M.R.Civ.P., requires service of process upon “an incorporated association” by delivery of a copy of the summons and complaint to an office, director, superintendent, managing or general agent or partner or associate or with a person in charge of such office or by delivery to the registered agent or other agent designated by statute. Undoubtedly in Montana there are hundreds of “unincorporated associations,” none of which have any structure that would allow service, as a practical matter, under Rule 4D(e), ranging from volunteers who participate in such worthwhile endeavors as gray *184 ladies, hospice volunteers, community watch, altar societies, bridge clubs and many other such “associations” unincorporated and without officers, agents, or offices.
Further, in the not unlikely event such entities are named as a party in litigation and damages are awarded, what defendants must pay the judgment? Upon whose property would a judgment lien attach? In the event the “association” should be awarded judgment, who shares in the award and who can lawfully satisfy the judgment of record?
If the majority fears that some one or some association would escape liability for a tort, they need have no fear — some real live person or persons must by necessity have committed the wrong, can be identified, and properly named a party.